### Boyd v. Bassett et al.

(*Supreme Court, General Term, Fifth Department.*   October 23, 1891.)

Mechanics' Liens—Verification of Claim—Waiver of Defects.

Under Act N. Y. 1885, c. 342, § 25, relative to mechanics' liens, declaring the act remedial, and providing that it shall be construed liberally, and that a substantial compliance with its provisions shall be sufficient for the validity of the liens therein provided for, and to give jurisdiction to the courts to enforce the same, the fact that a verification of a statement of a lien is not full and complete constitutes but a mere irregularity, which is waived by a failure to object to it.

Appeal from Monroe county court.

Action by Giles H. Boyd against William Bassett and others to foreclose a lien. Judgment for plaintiff, and defendant Bassett appeals. Affirmed.

Argued before Dwight, P. J., and Macomber and Lewis, JJ.

*John J. Snell,* for appellant.   *Hubbell & McGuire,* for plaintiff, respondent. *James M. E. O'Grady,* for defendant, respondent.

Macomber, J.   It is established by the evidence, and found by the learned county judge at the trial, that prior to December 3, 1888, the defendant Bassett and the defendant Esterheld entered into a contract in writing, by the terms of which Esterheld agreed to do the carpenter work and painting, and furnish the necessary materials therefor, in the construction of a certain house for Bassett, situated on the corner of William and George streets, in the city of Rochester, for which he was to receive as compensation the sum of $1,050. On the 3d day of December, 1888, Esterheld had furnished labor and materials amounting to $800, including in such sum the value of certain lumber, amounting to $244.60, furnished by the plaintiff to the contractor, upon which the sum of $11 had been paid. This action was brought to foreclose the lien created by the act of 1885, c. 342. The defense to the action is that the contractor, Esterheld, entered into an agreement with the owner, Bassett, on the 8th day of December, 1888, to abandon the contract. The defense was so far found to be correct by the county judge as that he found the fact of such agreement, but held that the same was entered into for the purpose of defeating the plaintiff's claim. The conclusion reached by the county judge is well supported by the testimony; for Mr. Esterheld testifies, with a high degree of circumstance, that the appellant advised him to throw up the contract in order that he (the owner) might defeat the plaintiff's liens. It is true that the appellant denies this evidence; but the circumstances attending the transaction go far to corroborate the contractor in his testimony.

Aside from the merits of the evidence, an argument is now made, apparently for the first time, that the plaintiff's lien cannot be enforced, because of the defective verification made to the statement of his claim as filed with the county clerk. In this contention, also, we think the counsel for the appellant is in error for two reasons: *First.* No objection to the verification was made, so far as we can ascertain, except upon this appeal. The fifth item named in the appellant's answer does not include such a defense. If the owner intended to make any objections of this technical nature, it was his duty to interpose them before entering upon the trial of the case upon the merits, and probably

before he had answered the complaint for the foreclosure of the lien. *Secondly.* The verification of the statement of the lien appears to be sufficient, within section 4 of this act. Its language is: "The said notice of lien must be verified by the person, or one of the persons, member of a firm or firms, an officer of the corporation or association making the claim, or his, its, or their agent, to the effect that the statements therein contained are true to the knowledge or information and belief of the person making the same." This verification, although insufficient under the Code of Civil Procedure relating to verification of pleadings, conforms to the statute in a literal sense, and, under section 25, so substantially to the general purpose of verifications as to lead to the conclusion that the objection taken thereto was untenable. The verification by this statute is not made any essential part of the facts necessary to clothe the court with jurisdiction of the subject-matter of the action, though the direction of the verification of the claim is imperative. But any failure to make a full and complete verification would be but an irregularity, which would be waived without objection under this statute, as well as under the Code of Civil Procedure; for section 25 of the act declares: "'This act is hereby declared to be a remedial statute, and is to be construed liberally to secure the beneficial interests and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same." Judgment appealed from should be affirmed with costs. All concur.