## ELTING *v.* DAYTON.

*(Supreme Court, General Term, First Department.   February 18, 1892.)*

ACTION ON CONTRACT—WAIVER OF CONDITIONS—PLEADINGS—EVIDENCE.

A builder brought an action to recover for work done under a contract whereof time was of the essence, alleging full performance of the contract on his part. The defense was that the contract had not been completed in time. *Held,* that evidence of modification of the contract or waiver, offered by plaintiff by way of excuse, was inadmissible under the pleadings.

Appeal from judgment on report of referee.

Action by Cornelius W. H. Elting against Charles W. Dayton. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Joseph F. Stier,* (*William H. Townley,* of counsel,) for appellant.   *Augustus H. Van Buren,* (*John J. Linson,* of counsel,) for respondent.

VAN BRUNT, P. J.   This action was brought to recover a balance claimed to be due upon a contract with the defendant for altering and repairing five buildings, and for certain extra work, not included in the contract.   The complaint alleged that on the 25th of February, 1885, the plaintiff entered into a contract with the defendant, by which the plaintiff agreed to alter and repair five buildings for the defendant, and furnish materials for the work, and the defendant promised and agreed with the plaintiff to pay him the sum therein mentioned therefor.   The plaintiff also alleged by his complaint that he had fully kept and performed said contract, and had performed all the conditions thereof on his part.   Then follows an allegation in regard to extra work, to which it is not necessary, in view of the conclusion at which we have arrived, to call particular attention.   The defendant admitted the entering into the contract, which he alleged to be in writing, and annexed as a part of his answer; and denied that the defendant had kept and performed the contract or its conditions upon his part; and further alleged that said contract provided that the plaintiff would, on or before the 20th of April, 1885, complete his said contract, and that, in default thereof, he should pay as damages to the defendant, for each house remaining unfinished after the above day, $50 per week; and that the plaintiff failed to perform and carry out the provisions of his contract, in that, among other things, a large part of the work contracted to be done by him was not done in a good, workman-like, and substantial manner, to the satisfaction of the architect referred to in said agreement; and also that the alterations in said house were not completed, and the same not fit for occupancy in every respect, on the 20th of April, 1885, as required by the contract, but, on the contrary, were never completed and made fit for occupancy, according to the terms of said agreement, by the plaintiff.   Upon the trial there was no dispute but that the contract annexed to the answer was the contract referred to in the complaint.   Neither was there any dispute that the contract was not completed by the 20th of April, nor until a considerable time thereafter.   But it was urged that the defendant had waived the requirement of the contract that it should be completed on the 20th of April, 1885.   That by the terms of the original agreement time was of its essence is apparent from the fact that a penalty was attached to the failure on the part of the plaintiff to complete the contract within the time therein mentioned; and therefore, that, unless excused for a failure to perform in time, the defendant would be entitled to recover the damages arising from such failure to complete.   Upon the trial, as soon as the plaintiff commenced to offer evidence tending to excuse his failure to perform, objection was made upon the part of the defendant that such evidence was incompetent; that the plaintiff had sued upon the contract, alleging that he had strictly kept and performed all the conditions thereof; and that no excuse for non-

performance, and no modification or waiver, oral or written, is set up. The referee overruled the objection, to which ruling the counsel for the defendant excepted. This, we think, was error. The allegation in the complaint was that he had entered into this contract on the 25th of February, 1885, and that he had fully performed the same. It further appears that one of the conditions of that contract was that it should be completed by the 20th of April, and that that was an important and essential condition. Therefore the allegation of the complaint was to the effect that the contract had been completed on the 20th of April, and this was the issue which was presented by the complaint, and which the defendant was called upon to meet. There was no intimation of any other or subsequent contract, or of any waiver of any rights which had accrued by the execution of the original contract. Hence the defendant was not called upon to meet proof of a waiver under a complaint of this character. If the plaintiff had intended to claim that the original contract had been modified, or any of its conditions waived, it was necessary that he should have pleaded the same, in order by his pleading to give the defendant notice of such claim. An allegation in a complaint that the terms of a contract have been fully complied with does not authorize proof that it has not been complied with because of certain facts in respect to which no mention is made in the pleadings. As has already been stated, the only issue tendered by a pleading containing this allegation is as to completion of the contract, not to excuses for non-performance. It might have been true that upon a proper application made the plaintiff would have been allowed to amend his complaint, and, if no objection had been taken to the admission of this testimony, that this court would have amended the complaint, in order to support the judgment. But, in view of the fact that objection was taken to this testimony at the time of the trial upon the precise ground which is urged here, and exception taken to the overruling of the objection, this court cannot consider the pleadings amended to conform to the proof. It does not seem to be at all necessary to consider the other questions raised upon this appeal. The question which has been discussed as the pleadings now stand goes to the rest of the whole matter; and upon the record it would appear that the defendant was entitled to offset against the claim presented by the plaintiff at least the damages for non-performance provided for in the contract. The judgment should be reversed, and a new trial ordered before another referee, to be appointed by this court, with costs to appellant to abide the event. All concur.