DARIUS A. MOORE AND ANOTHER, APPELLANTS, *v.* WILLIAM McLAUGHLIN AND OTHERS, RESPONDENTS.

*Mechanic's lien — notice of lien, under chapter 342, Laws of 1885, need not be signed — form of verification.*

A notice of mechanic's lien, filed under chapter 342 of the Laws of 1885, began by stating that "Darius A. Moore and William A. Moore * * * have a claim," etc. Then followed a statement of the facts and a description of the property affected, and at the end was a verification, made and signed by one of the claimants, who were copartners. The notice itself was not signed by the lienors.

In an action brought to enforce the lien the plaintiffs were nonsuited and appealed.

*Held,* that the statute only required a notice of lien, and that the notice in question was sufficient.

That a verification which followed the words of the act was sufficient.

APPEAL by the plaintiffs, Darius A. Moore and William A. Moore, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Franklin on the 29th day of March, 1892, dismissing the complaint after a trial by the court at the Franklin Circuit.

*John A. Vance,* for the appellants.

*John P. Kellas,* for the respondents.

PUTNAM, J.:

This action is brought to foreclose a mechanic's lien filed in pursuance of the provisions of chapter 342 of the Laws of 1885. On the trial plaintiff was nonsuited on the ground as stated in the case, that the notice of lien was not properly signed. Defendants now claim that the disposition of the case below was right, not only on the ground stated, but also for the reason that the verification to the notice of liens is defective. It is as follows:

" COUNTY OF ST. LAWRENCE, *ss. :*

" William A. Moore, being duly sworn, says he is one of the firm of D. A. & W. A. Moore, and one of the persons making the foregoing claim, and that the statements therein contained are true to his knowledge or information and belief.

　　　　　　　　　　　　　　　" WILLIAM A. MOORE.

" Subscribed and sworn to before me ⎱
　 this 2d day of September, 1891.　 ⎰

　　　　　　　· " A. B. HAMILTON, *J. P.*"

This point was not taken by the defendants on the trial, and, therefore, I think should not be entertained. But, if otherwise, it has been determined that a verification following the words of the statute is sufficient. (See *Boyd* v. *Bassett,* 40 N. Y. St. Rep., 658; *Kealy* v. *Murray,* 15 N. Y. Supp., 403; *Schwartz* v. *Allen,* 24 N. Y. St. Rep., 912.)

Section 25 of the lien law of 1885 is as follows:

"This act is hereby declared to be a remedial statute, and is to be construed liberally to secure the beneficial interests and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same."

Construing the notice of lien filed by the plaintiff as required by the above section, I think it is sufficient. It states at the commencement that "Darius A. Moore and William A. Moore, comprising the firm of D. A. Moore & W. A. Moore, * * * have a claim," etc. Then follows the statement of the facts and a description of the property affected by the lien, and at the end is the verification.

Section 4 of the lien law does not require the notice of lien to be signed or subscribed by the lienor. It requires *a notice of lien in writing.* The statement at the commencement of the notice in question that Darius A. Moore and William A. Moore have a claim, etc., gives as full and perfect a notice of who the parties are that claim the lien as if their names, instead of being stated at the commencement of the paper, were signed at the end.

At the end of the notice is the verification above set out, subscribed and sworn to by one of the lienors and verified. This verification states that the affiant is one of the firm of D. A. & W. A. Moore, and one of the persons making the foregoing claim, and, therefore, shows, if it did not otherwise appear, who are the persons who filed the notice. Construing this paper as required by section 25 of the lien law, I think it is sufficient. *It is a notice of lien in writing as required by the act.*

It follows that the judgment should be reversed and a new trial granted, with costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide event.