(3 Misc. Rep. 90.)

STAUBSANDT et al. v. LENNON et al.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that certain evidence was improper under the pleadings cannot be raised on appeal where no such objection was taken to the evidence when offered.

2. MECHANICS' LIENS—VERIFICATION—FOLLOWING LANGUAGE OF STATUTE.
    A verification of a notice of a mechanic's lien which recites, in the exact language of the statute, (Laws 1885, c. 342, § 4,) that "the statements therein contained are true to his [affiant's] knowledge or information and belief," is sufficient.

Appeal from judgment on report of referee.

Action by Eugene Staubsandt and Robert F. Staubsandt against William F. Lennon and David Conover to foreclose a mechanic's lien. From a judgment of foreclosure entered on the report of a referee, defendant William F. Lennon appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James Kearney, for appellant.
John C. Coleman, for respondents.

DALY, C. J. The action was brought to foreclose a mechanic's lien for a balance of $800 claimed to be due under a certain contract between plaintiffs and defendant Lennon for painting and other work upon five houses on West Ninety-Ninth street, in this city. The complaint alleged performance, which was denied by the answer. The referee found that the contract was substantially performed, and, after allowing $100 for some shortcomings, found that the plaintiffs were entitled to $700, and interest, and that they had a valid lien for that amount. The defendants contend that the find-

ings show a failure of plaintiffs to perform the contract in two substantial particulars, viz. to complete the work on or before April 15, 1890, and to use Atlantic lead paint on all the outside iron and wood work, according to agreement. Proof was admitted to show that the time of performance was extended by defendants, and that other paint equally as good as Atlantic white lead was substituted for the latter, with their consent. It is objected, however, that this proof was improper, under an averment of performance, as it was in effect evidence of waiver, or an excuse for nonperformance, which should have been specially pleaded. No such objection was taken to the evidence when offered, and this was essential to raise the point upon appeal, as in the case cited by appellant. Elting .v. Dayton, (Sup.) 17 N. Y. Supp. 849. The evidence of the extension of the time of completion was admitted without any objection whatever by defendants, and the consent of the latter to the use of other white lead paint was objected to solely on the ground that it was not in rebuttal. In the absence of timely and specific objection and proper exception, defendants should not be permitted to raise this question for the first time on appeal. The evidence was competent on the question of substantial performance. It showed that time was not essential, and that completion was allowed and accepted after the date fixed. It also showed that defendants consented to the use by the plaintiffs of one paint for another, they being of equal quality and price. On the general question of the performance of work in other respects by the plaintiffs, the evidence was conflicting, and there seems to be no reason for disturbing the findings of the referee.

The allowance of $100 for omissions is complained of, on the ground that there was no evidence that that sum was fair and reasonable. The defendants produced bills for work done to supply alleged deficiencies amounting to a little over $100. Other testimony showed the expense to be greater. Plaintiffs gave no testimony, and the referee was justified in fixing the allowance as stated.

The validity of the lien is questioned, on account of the verification, which states that "the statements therein contained are true, to his knowledge or information and belief." This form of verification is in the precise language of the statute,[1] and has been held to be proper. Schwartz v. Allen, (Super. Buff.) 7 N. Y. Supp. 5. The opinion in that case was carefully considered, and it was held, citing the authorities, that a verification in the exact language of the statute is sufficient, (2 Wait, Pr. 339,) and that it was not necessary to designate in the verification what particular statements in the lien notice are sworn to upon knowledge, and what upon information and belief. We have decided the same way in this court. Conover v. Lennon, (Com. Pl. N. Y.; filed May, 1892,) 19 N. Y. Supp. 910. The judgment should be affirmed, with costs. All concur.

[1]Laws 1885, c. 342, § 4.