CHARLES BENNER, as Trustee, etc., Respondent, *v.* PHŒNIX TOWING AND TRANSPORTATION COMPANY, Appellant.

*Amendment of pleadings to conform to the facts proved — limitation of the power — action founded on a contract and one based on its breach, distinguished — burden of proof of damages sustained by a breach of contract.*

The power to amend pleadings upon the trial of an action, so as to conform them to the facts proved, does not extend to changing the cause of action sued on, and such power can only be exercised when the amendment does not change substantially the claim or defense made.

The distinction between a cause of action based upon the existence of a contract, and one for its breach, is vital to the rights of the parties; and when the plaintiff in an action does not claim in his complaint that the contract was broken, he cannot recover a judgment for its breach.

Upon the theory of the breach of a contract, the plaintiff in an action brought to recover damages therefor is entitled to recover its value or what he lost by being deprived of his chance of profit, and the burden of proof as to the amount of such damage is upon the plaintiff.

APPEAL by the defendant, the Phœnix Towing and Transportation Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 23d day of August, 1892, upon the report of a referee.

*Henry H. Man,* for the appellant.

*Henry C. Wilcox,* for the respondent.

BROWN, P. J.:

On August 15, 1889, the parties entered into a written agreement whereby the plaintiff leased to the defendant, for a term ending April 1, 1892, the privilege to excavate and remove sand upon certain property situated upon Flushing bay. By the second clause of the agreement plaintiff agreed to improve the approach by water to the dock on said property, so as to give a depth of eight feet at high water along said dock, and also to excavate a channel thirty feet in width, extending 100 feet from said dock into Flushing bay.

The defendant agreed, *first,* to pay ten cents per cubic yard for all sand removed from said premises, and, *second,* to excavate and remove between April first and November first, in each year of the term, "an amount of sand not less than an average value of $250 per month at the rate above stated  *  *  *  provided, however, that the period of said guaranty shall commence to run when the party of the first part (plaintiff) shall have first performed the covenants in the second clause of this agreement."

The complaint set forth two causes of action: *First,* to recover $108.20 for 1,082 yards of sand removed by the defendant in the year 1889; and, *second,* to recover $1,750 upon the guaranty aforesaid for the period between April and November, 1890.

Upon the second cause of action plaintiff alleged that he had performed all the conditions of the contract upon his part, and that the defendant had neglected to remove any sand during the year 1890. The defendant denied that plaintiff had performed his agreement, and alleged that he had failed to improve the approach to the dock or excavate the channel to the bay, and that because of that fact it had in January, 1890, canceled the agreement.

The referee found as a fact that plaintiff never performed his agreement in reference to improving the approach to the dock, but that defendant consented that such improvement be postponed until the spring of 1890, and that such performance, as a condition precedent to defendant's obligation under said agreement, was waived by defendant, and that in January, 1890, without justification, it renounced and repudiated the contract, and that by reason of such renunciation plaintiff was damaged to the extent of $1,750.

From this statement of the case it appears that no recovery could be had by the plaintiff upon the second cause of action set out in the complaint, as the period of guaranty was not to begin to run until the improvement of the channel was complete, and that while defendant could waive this provision of the contract, the waiver found by the referee was not absolute, but only extended the time of performance by plaintiff until April, 1890. But, although the plaintiff failed to establish the case made by his complaint, he has been permitted to recover upon a cause of action for a breach of the contract, which was not pleaded   The power to amend pleadings upon the trial so as to conform them to the facts proved does not extend to changing the cause of action sued on. It can only be exercised when the amendment does not change substantially the claim or defense made. (Code Civ. Proc. § 723.)

No amendment was made or requested in this case, and the complaint stands as originally served.

The distinction between a cause of action based upon the existence of the contract and one for its breach is vital to the rights of the parties. If the contract is still in existence, plaintiff may sue upon the guaranty at the end of each month to which it applies; but if it has been repudiated by defendant, there is but a single cause of action for its breach, and a recovery of damages in one action is a bar to all other suits. The plaintiff never has claimed that the contract was broken, and while he assumes that position he cannot recover a judgment for its breach. ( *Wright* v. *Delafield*, 25 N. Y. 266; *Day* v. *Town of New Lots*, 107 id. 148; *Elting* v. *Dayton*, 17 N. Y. Supp. 849.)

The referee also erred in the measure of damages applied to the case. Upon the theory of a breach of the contract, plaintiff was entitled to recover its value or what he lost by being deprived of his

chance of profit. (*Taylor* v. *Bradley*, 39 N. Y. 129; *Wakeman* v. *W. & W. M. Co.*, 101 id. 205.)

The referee apparently recognized this rule, but held that it was for the defendant to prove that it would have been less than the amount of the guaranty. This burden could not be cast upon the defendant, and the cases cited by the referee have no application to such a case as this. It was for the plaintiff to prove his loss, and it was apparent from the contract that he could not be entitled to the monthly stipend until he had improved the approach to the dock, and proved that the sand itself had some substantial value. The judgment awards the plaintiff the full amount, to which he was entitled only in case he had performed his covenants of the contract, and it leaves him in possession of the sand.

The judgment must be reversed, the order of reference vacated, and a new trial granted, with costs to abide the event, unless plaintiff stipulates within twenty days to reduce the judgment to the sum of fifty-seven dollars and twenty cents, with interest from January 1, 1890, in which case the judgment so reduced is affirmed, without costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event unless plaintiff stipulates within twenty·days to reduce judgment to fifty-seven dollars and twenty cents, with interest from January 1, 1890, in which case the judgment so reduced is affirmed, without costs.