(25 Civ. Proc. R. 276.)

DEEVES v. METROPOLITAN REALTY CO. OF CITY OF NEW YORK.

(Common Pleas of New York City and County, Special Term. December, 1894.)

PLEADING—COMPLAINT—DEFECTS CURED BY REPLY.

 A complaint and reply may be construed together, and, if they jointly allege a cause of action, they will support a recovery.

Action by Richard Deeves against the Metropolitan Realty Company of the city of New York for the foreclosure of a mechanic's lien.

Argued before WILBUR LARREMORE, Referee.

Abner C. Thomas and David Thornton, for plaintiff.
Charles J. Hardy, for defendant.

LARREMORE, R. This action was brought for the foreclosure of a mechanic's lien. The plaintiff sues as contractor for the performance of the mason work of the Metropolitan Realty Building, a 14-story structure situated on William and Rose streets, adjoining the north side of the Brooklyn Bridge, in the city of New York. It was agreed between the parties that such work should be performed for the sum of $184,985. Plaintiff's original contract was substantially performed, though not within the time limited for such performance.

The first point made by the learned counsel for the defendant involves a question of pleading. The complaint alleges that plaintiff "duly performed all the conditions" of the contract, and "did and performed all the work and furnished all the materials," "and the work which plaintiff was to do was finished and fully completed in accordance with the said agreement." Defendant argues that as it does not appear that the work was finished within the time fixed in the contract, but as, on the contrary, it expressly appears that such work was not completed until several months thereafter, the plaintiff cannot recover under general allegations

.of. due performance of said contract. In Morowsky v. Rohrig, 4 Misc. Rep. 167, 23 N. Y. Supp. 880, it was decided by the general term of this court that under a simple allegation in the complaint of full performance of a written contract, in an action to foreclose a mechanic's lien, evidence in support of plaintiff's excuse for nonperformance according to the literal terms of the contract, and of substantial performance within a certain period after the term fixed by the contract, is inadmissible. To the same effect is Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, also an action to foreclose a mechanic's lien. In that case, as counsel for the defense points out, the contract provided for completion within a specified time, and it there, as here, appeared· that the work was not done within that time; and judgment for plaintiff was reversed because, under the pleadings, the only issue tendered was complete performance,—in time as well as in character and amount of work. The present case is, however, distinguishable from both of the cases cited, because, while the complaint contains only allegations of complete and due performance, the answer expressly alleges that the work was not actually performed until a considerable period after the expiration of the contract time, interposing affirmative defenses and counterclaims; and plaintiff served a reply which, in my judgment, obviates the defect of pleading on which the learned counsel for the defense relies. A case in point is Raplee v. Wilkin (Jan., 1878) 5 N. Y. Wkly. Dig. 560. It was therein held that a plaintiff's pleadings are to be taken together, and that if,·together, they state facts sufficient to constitute a cause of action, the suit may be maintained, although the complaint alone may not be sufficient. The court said:

"Although the complaint might not be sufficient alone, and the reply is irregular, yet the irregularity having been waived by the defendant, in accepting it and not moving to strike it out, the pleadings are to be taken together; and, together, they presented a state of facts upon which the plaintiff was entitled to recover.".

I shall overrule the general objection to plaintiff's recovery in this action, on the authority of the case last cited; and it would seem that the doctrine therein advanced, of construing the pleadings as a whole, is in the plain interest of substantial justice. The rule seems to be that the proofs received upon the trial of an action are to be taken as a whole, in considering an appeal from the denial of a defendant's motion for a nonsuit. In Colegrove v. Railroad Co., 20 N. Y. 492, 6 Duer, 382, it was held that if a defendant moves for a nonsuit, to which he is entitled, but, on its denial, puts in evidence, and plaintiff's case is established, the defendant's exception is waived. The principle of that case seems to be that the proofs are to be considered as a whole, in testing the general adequacy thereof, although part of the evidence comes from the defendant. A fortiori, it would seem that if a plaintiff, in separate pleadings, but still in pleadings emanating solely from himself, alleges a cause of action, the same must be held to be sufficiently pleaded for all purposes. Upon an·inspection of the pleadings in the present action, it would seem almost as if the re-

ply had been expressly framed to anticipate the objection now raised. It contains allegations in the first place directly addressed to the counterclaims and set-offs raised in the answer. It then, "for further reply," alleges delay, neglect, and omission on defendant's part to perform and complete certain work, in respect to the building referred to in the complaint and answer, which it was its duty to perform, and which were necessary to be done before the work of the plaintiff could be completed; that defendant ordered alterations and changes of the work and materials from time to time; that plaintiff was obstructed and delayed in the prosecution and completion of the work by the neglect, delay, and default of the defendant and its other contractors, whereby the completion of the work called for by the contract within the time thereby limited was rendered impracticable and impossible to or by the plaintiff; and that the defendant waived its right to insist upon the completion of said work within the time so limited. Upon the authority of Raplee v. Wilkin, supra, the doctrine of which meets with my approval, I shall hold the rule that the pleadings are sufficient to support a recovery by plaintiff.