WILLIAM E. PRATT, as Receiver, etc., of JOHN SCHAEFER, Appellant, *v.* CHARLES H. BAKER and Others, Respondents.

*Hot air furnace put in a house as a permanent improvement — it passes as part of the realty to a purchaser on the foreclosure of a mortgage on the realty.*

A hot air furnace, put in a dwelling house as a permanent improvement and' designed to heat various rooms on different floors, although susceptible of being taken down and put into another house of equal size, is, as between mortgagor and mortgagee, to be deemed a fixture attached to the realty.

APPEAL by the plaintiff, William E. Pratt, as receiver, etc., of John Schaefer, from a judgment of the Onondaga County Court in favor of the defendants, entered in the office of the clerk of Onondaga county on the 13th day of April, 1894, reversing a judgment rendered by a justice of the peace of the city of Syracuse.

*H. E. Miller*, for the appellant.

*Walter S. MacGregor*, for the respondents.

MERWIN, J.:

The subject of this action is a "No. 9 Howard Warm Air Furnace," placed by Mr. and Mrs. John Schaefer, or by their direction, in the cellar of a brick dwelling house on Henry street, in the city of Syracuse, in the spring or summer of 1891. In November, 1891, Mr. and Mrs. Schaefer executed to the defendants, or one of them, a mortgage on the premises. This was afterwards foreclosed, and upon the judgment of foreclosure a sale was made by the sheriff, and the property bid in by the defendants, Baker and Plumb, to whom a deed was given by the sheriff on or about October 15, 1892, and they went into possession. The mortgage and deed were put in evidence before the justice, and although they are not attached to the printed record before us a description sufficiently definite appears:

By an order dated the 3d day of October, 1892, and recorded October 11, 1892, in proceedings supplementary to execution, the plaintiff was appointed receiver of the property and effects of John Schaefer. On November 4, 1892, Mrs. Schaefer assigned to'

the plaintiff, as receiver, all her interest in the furnace. On the 8th of April, 1893, the plaintiff, after a demand, brought this action in replevin to recover the furnace, or its value, in case delivery could not be had. He recovered before the justice, but the judgment was reversed by the County Court. The county judge was of the opinion that the furnace was a fixture and part of the real estate.

The claim of the plaintiff is that the furnace is personal property and did not pass by the mortgage and deed on foreclosure to the defendants.

The furnace was put into the house by the Howard Furnace Company under a written agreement dated April 1, 1891, between the company as party of the first part, and Mr. and Mrs. John Schaefer as party of the second part. By this agreement the company agreed " to put into the dwelling (brick), No — Henry street, for second party, one No. 9 Howard Warm Air Furnace (with double casing, brush for cleaning and all attachments complete), and warm air pipes, registers and other connections necessary to heat the following rooms : First floor, hall, two parlors and dining room ; second floor, chambers over parlor, sitting room, dining room and kitchen. Three upright pipes. All registers and cold air faces to be black japanned, of Tuttle & Bailey make, and shall be placed, one in each of the above-named rooms. The furnace to be provided with the Howard nickel-plated damper regulator, for regulating the drafts from the first floor. The furnace shall be connected with two wooden cold-air boxes, one from hall and one from dining room. The necessary lumber shall be furnished and boxes built by second party. All necessary carpenter and mason work to be done by second party." The company guaranteed " that under proper care the furnace shall heat to 70 degrees (Fah.) in zero weather the rooms connected with said furnace." The price was $140.

A witness on the part of the defendants testified as follows : " The furnace is located in about the center of the cellar with two hot-air pipes attached. The hot-air pipes are attached to the furnace by collars on the furnace and the pipes run up through the building. There is a smoke pipe attached to the furnace which goes into the chimney. The base of the furnace is set in cement

# PRATT v. BAKER. 333

with one or two inches of cement close up around the furnace. The furnace has been used in the house since it was put in and has been used for heating the house about two years."

A witness on the part of plaintiff testified as follows : " This is a hot-air furnace. It can be taken down [obj.] and moved the same as a large stove ? [Obj. overruled.]    A. Yes.    Q. It is suitable in one house as well as another, the house being of equal size ?    [Obj.] A. Yes.    The inside of this furnace is of cast iron covered on the outside with galvanized iron double cased. The jacket is circular and about 48½ inches in diameter and stands 52 inches high.    I took the men to the house in question and had them lay a brick founda- tion.    A circle of bricks a little greater than the diameter of the jacket, one row of bricks in the foundation.    The mortar is then put around the base ring, which is laid on top of the brick founda- tion.    The base ring is separate from the furnace and the furnace stands upon it.    After the brick work the top of the brick was about two inches above the surface of the cellar.    As I recollect the cellar was not grouted when I put in the furnace.    When the base ring is placed the remaining sections of the furnace are put on one above the other and the jacket put on over all.    The hot-air pipes are simply connected with the jacket.    There is a galvanized iron collar on to which the pipe is dovetailed.    The elbows slip over the collar without being soldered.    The elbows may be slipped off and the furnace removed and another furnace, taking off the pipe at the side, substituted if desired.    There was a little mortar on each side of the base ring when I left it, enough to keep out the air."

The defendants are in possession, and claim the furnace under the mortgage given by the parties the plaintiff represents.    The defendants are, therefore, entitled to the benefit of the law on the subject of fixtures applicable to the case of mortgagor and mortgagee.

As between vendor and vendee and mortgagor and mortgagee, the rule is laid down that if the owner of lands provides anything of a permanent nature fitted for and actually applied to use upon the premises by annexing the same, it becomes a part of the realty, though it might be removed without injury to the premises.    (1 Washb. on Real Prop. [4th ed.] 22 ; *Voorhees* v. *McGinnis*, 48 N. Y. 278, 282.)    In *McRea* v. *Central Nat. Bank* (66 id. 489) it is

said that if the article is attached for temporary use with the intention of removing it, a mortgagee cannot interfere with its removal by the mortgagor, but if attached for the permanent improvement of the freehold he may. In *Buckley* v. *Buckley* (11 Barb. 43, 63) it is said by Judge HAND: "The rule in this State, as between grantor and grantee, vendor and vendee, mortgagor and mortgagee, and heir and personal representative of the deceased, still is, that whatever is annexed or affixed to the freehold, by being let into the soil or annexed to it, or to some erection upon it, to be habitually used there, particularly, if for the purpose of enjoying the realty or some profit therefrom, is a part of the freehold." In Ewell on Fixtures (p. 275) it is said, the general rule undoubtedly is that all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance or mortgage of the freehold where there is nothing to indicate a contrary intention. The intention is sometimes presumed, or it may be inferred from circumstances. (*Matter of Eureka Mower Co.*, 86 Hun, 309, 312.)

In the present case neither Mr. nor Mrs. Schaefer were sworn as witnesses. Having in view the very apparent object and purpose of putting in this furnace, as particularly indicated by the contract under which it was put in, and by the manner in which it was put in as testified to by one of the plaintiff's witnesses, it is very clear that it was put in for a permanent improvement, and so remained until the Schaefers left the property in October, 1892, and was there undisturbed when the defendants took possession under their deed. The fact that the furnace might be taken to pieces and put up in some other house of equal size, does not change the effect of the situation. A great many articles undoubtedly fixtures could be treated in that way. The appellant suggests that it was not shown that the Schaefers owned the property in the spring of 1891. They were in possession, acting as owners, and as such gave the mortgage. The plaintiff cannot complain if the defendants are deemed to have the rights of mortgagees.

The appellant further suggests that the intent of the Schaefers was a question of fact, and that the presumed finding of the justice on that subject should be deemed to be conclusive. The answer to that is that all the material facts and circumstances on the subject of the intent are undisputed, and they do not warrant the conclusion that

the furnace was put in as a temporary structure, or for temporary use, or with the intention of removing it.

We are of the opinion that the furnace should be deemed, as against the plaintiff, a part of the realty.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.