UNION STOVE WORKS v. KLINGMAN et al.

(Supreme Court, Appellate Division, First Department.  August 4, 1897.)

1. MECHANICS' LIENS—NOTICE—VERIFICATION.
     A verification by an agent of a notice of lien, pursuant to Laws 1885, c. 342, § 4, is sufficient if it follows the exact language of the statute.

2. SAME—PROPERTY SUBJECT TO LIEN.
     Plaintiff furnished, and set up in flats erected by defendant, several furnaces, connected with the chimneys by stove pipes, and with registers on the different floors by hot-air pipes, which were included in the contract, and were put in while the buildings were in process of erection; iron lath and tin being furnished and put in where the pipes were built into the partitions. A number of ranges, also furnished under the contract, were equipped with warming closets, water backs, boilers, pipes, etc., were set upon hearths provided for that purpose, and were connected with the chimneys and the water pipes. Defendant subsequently sold the houses, and the furnaces and ranges passed with the realty. *Held*, that the furnishing of such furnaces and ranges, with their attachments, and the work done in placing them in position, was labor performed and materials furnished in "erecting" the houses, within the mechanic's lien statute.

Appeal from special term, New York county.

Action by the Union Stove Works against Frederick Klingman and others to foreclose a mechanic's lien.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

George Bell, for appellant Klingman.

Benjamin Patterson, for appellants Robinson and Linbacher.

Frank M. Avery, for respondent.

PARKER, J.  The defendant Klingman purchased of the plaintiff 68 Astor ranges, boilers, and attachments, and four hot-air furnaces, with hot-air pipes, smoke pipes, and registers, to be used in a building which he was erecting.  For such material and the labor necessary in setting the same, the defendant became indebted to the plaintiff in the sum of $1,991.64, and the latter caused a mechanic's lien therefor to be filed within the time provided by statute.  This suit was brought to foreclose such lien, and it resulted in a judgment in favor of the plaintiff.

On this review, the defendant urges (1) that the verification of plaintiff's notice of lien was not in conformity with the statute, and therefore a valid lien was not created; (2) that the ranges were not permanently affixed to the freehold, and therefore not within the scope of the statute which authorizes a lien "for materials used in erecting, altering, or repairing any house," etc.; and (3) that the plaintiff failed to show a performance of the contract on its part.

The lien was signed "Union Stove Works, by Newton H. Burr, Agent," and was verified by the affidavit of the agent.  The mechanic's lien act provides for an execution and verification of the notice of lien by an agent (Laws 1885, c. 342, § 4); and this verification was in the language of the statute.  The appellant, conceding that the verification is in the precise words of the statute, urges

that it is not within its spirit, because it does not appear therefrom whether the verification was based upon the knowledge of the agent, or upon information and belief. We regard this question as no longer open for discussion. It has been frequently held that a verification following the exact language of the statute is sufficient. Schwartz v. Allen (Super. Buff.) 7 N. Y. Supp. 5; Moore v. McLaughlin, 66 Hun, 133, 21 N. Y. Supp. 55; Staubsandt v. Lennon, 22 N. Y. Supp. 544, 545, 3 Misc. Rep. 90, affirmed 142 N. Y. 666, 37 N. E. 570; Ward v. Kilpatrick, 85 N. Y. 413, 417; Kealey v. Murray, 61 Hun, 619 (see, for opinion, s. c., 15 N. Y. Supp. 403); Boyd v. Bassett (Sup.) 16 N. Y. Supp. 10, 11.

We agree with the trial court that the labor performed in setting the furnaces and ranges, and the furnishing of such furnaces and ranges with the necessary pipes and appurtenances, constituted labor performed and materials furnished in the erection of the houses, within the meaning of the statute. The buildings for which these materials were furnished, and on which the labor for which recovery was had was performed, were four five-story flats situated in the city of New York. They were built by the defendant for the purposes of sale, and they were subsequently sold, the furnaces and ranges passing into the possession of the purchaser as part of the structure. The furnaces were set in the cellars of the houses, and connected with the chimneys by stove pipes, and to the buildings by hot-air pipes running through the houses and to the different floors. The hot-air pipes, the furnishing of which constituted part of the entire contract, which included hot-air furnaces, Astor ranges, boilers, and attachments, and the value of which is included in the recovery in this action, were put in by the plaintiff while the buildings were in process of construction, and while the partitions were being built. They ran to registers on the different floors, and, where the pipes were built into the partition, the plaintiff furnished and put in iron lath and tin. The ranges were equipped with warming closets, water backs, boilers, pipes, tubes, and couplings, were set into position on hearths provided for that purpose, and were connected to the chimneys by a smoke pipe. They were also connected to the water pipes running through the buildings by iron-pipe connections screwed to the boilers. While it is true that some portion of the material for which recovery has been had could have been removed without difficulty, notably the ranges, the object of the erection of the buildings, and the circumstances surrounding their purchase and their annexation to the freehold, are sufficient to support the conclusion that it was the intent of the parties that they should be annexed to the realty, and pass as fixtures. It is the general rule that fixtures of this character, whether actually or constructively annexed to the freehold, pass by conveyance or mortgage, where there is nothing to indicate a contrary intention. Pratt v. Baker, 92 Hun, 331, 36 N. Y. Supp. 928; Grosz v. Jackson, 6 Daly, 463; Voorhees v. McGinnis, 48 N. Y. 278, 282; Ward v. Kilpatrick, 85 N. Y. 413; Watts-Campbell Co. v. Yuengling, 125 N. Y. 1, 25 N. E. 1060; Buckley v. Buckley, 11 Barb. 43, 63; In re Eureka Mower Co., 86 Hun, 309, 312, 33 N. Y. Supp. 486; McRea v. Bank, 66 N. Y.

489; Quimby v. Sloan, 2 E. D. Smith, 594. The cases cited by the appellant (Duffus v. Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925, and Kerby v. Clapp, 15 App. Div. 37, 44 N. Y. Supp. 116) are not in point. In the Duffus Case the furnaces, and in the Kerby Case the ranges and heaters, were sold under a contract of conditional sale, which expressly provided that the property should remain the property of the seller until paid for. The only evidence of the intent of the parties was furnished by the agreement itself, and from that it appeared that both the vendor and vendee elected to treat and hold the articles as personal property, even after they were annexed to the building.

The appellant also contends that the plaintiff did not do the work in the best manner, not using the best material, and not leaving the furnaces in a thorough working condition, as provided by its contract. Evidence was offered tending to show that the ranges smoked so badly that the apartments were frequently filled with smoke, causing the tenants to vacate the premises; that the water backs were defective; that the offsets on the ranges were not of proper construction, and the setting of the furnaces was faulty. The plaintiff attempted to meet these charges of faulty construction by a description of the work performed, and experts were called by both the plaintiff and the defendant. The plaintiff's experts testified that the construction was proper, usual, and effective; while the defendant's experts presented a contrary view. Thus was presented a question of fact, which the learned trial court found, and, as we think, rightly, in favor of the plaintiff.

The judgment should be affirmed, with costs. All concur.