### VOGEL v. FARRAND et al.

(Supreme Court, Appellate Term. January 30, 1899.)

MECHANICS' LIENS—PROPERTY SUBJECT—MIRRORS.

Mirrors, in easily removable frames, screwed to a holdfast that was driven in a wooden block, three-quarters of an inch wide, inserted in a hole two and one-half inches deep, bored into a wall previously constructed, are not the subject of a mechanic's lien, under Laws 1897, c. 418, §§ 2, 3, giving a contractor a lien for materials furnished for the erection, alteration, or repair of any structure on land.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Max Vogel against Oliver M. Farrand and Charles S. Parsons. From a judgment against Parsons only, and dismissing the complaint against Farrand, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Samuel D. Levy, for appellant.

Eugene F. Daly, for respondent.

GIEGERICH, J. This action was brought to enforce a mechanic's lien filed against the interest of the defendant Farrand in the premises known as "No. 3 Maiden Lane," in the borough of Manhattan, for certain plate-glass mirrors, and work thereon, alleged to have been supplied under a contract with the defendant Parsons, and "with the knowledge and consent, and at the request," of the defendant Farrand. There was a conflict of testimony as to whether the defendant Farrand had made an absolute promise to pay plaintiff for the mirrors and the work incident thereto, but the trial justice found, as is assumed from the judgment, that the evidence did not support such contention; and, in the absence of the usual grounds for reversal upon the facts, we see no reason for disturbing his conclusions in that respect.

The defendant Farrand was the lessee of the said building for the term of five years from the 1st day of May, 1897, and where, during the period in question, he was engaged in business as a jeweler. From the uncontradicted proof, it appears that the mirrors were put in frames upon grooves which admitted of their sliding out, such frames being fastened to the walls, which theretofore had been finished; that the frames were affixed to the walls in the following manner, viz.: A hole was first drilled in the wall to the depth of two and one-half inches, and about three-quarters of an inch in width, and the hole was then plugged with wood, into which an iron bracket or holdfast was driven, and the latter was in turn secured to the frame by a screw; that the result of the removal of the frames would be to leave the hole in the wall, and but for this the construction of the frames had no material effect upon the building itself. The court below, in giving judgment in favor of the plaintiff against the defendant Parsons, and dismissing the complaint as to the defendant Farrand, decided that the mirrors were personal property, and not the subject of a mechanic's lien, and, in my opinion, such determination is amply supported by the evidence, as well as by the authorities. According to the lien law a "contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials" for the "erection, alteration or repair of any structure upon, connected with, or beneath the surface of any real property and any work done upon such property, or material furnished for its permanent improvement," "with the consent or at the request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property im-

proved or to be improved and upon such improvement." Laws 1897, c. 418, §§ 2, 3. Under this and preceding statutes containing similar provisions, it has been held that the article or object upon which the lien is claimed must be attached to, and form part of, the realty. Ward v. Kilpatrick, 85 N. Y. 413, 418; Sny. Ann. Mechanic's Lien Law (3d Ed.) pp. 16–19, and citations; Stove Works v. Klingman, 20 App. Div. 449, 451, 46 N. Y. Supp. 721. In the case first cited, Finch, J., writing the opinion, said (page 418, 85 N. Y.):

> "Labor upon the building, and materials used in its construction, are the test of the lienor's right. In other words, the work and the materials, both in fact and in intention, must have become part and parcel of the building itself. The inquiry approaches so nearly the doctrine of fixtures as to make the decisions in that respect authoritative, and the necessary guides to our conclusion."

In the present case the mirrors were not set into the walls, but were put up some time after the building had been erected, and were supported, as seen, by screws attached to a bracket or holdfast driven through a wooden plug into the walls, and which could easily be removed without injury to the walls. Applying the foregoing rules to the facts, it is clear that the mirrors were mere furniture or chattels, and not appurtenant to the building. McKeage v. Insurance Co., 81 N. Y. 38, 40. The case of Ward v. Kilpatrick, supra, is distinguishable from the one at bar. There the mirror frames were actually annexed to the realty "during the process of building, and as part of that process," while in the present case the mirrors were put in wooden frames, from which they were readily removable, and which frames, as noted, were not part of the realty.

It follows from these views that the decision of the trial justice was in all respects correct, and that, therefore, the judgment should be affirmed, with costs. All concur.