(27 Misc. Rep. 643.)

SCHREYER v. JORDAN.

(City Court of New York, General Term. May 22, 1899.)

FIXTURES—FREEHOLD—SALOONS.

One erecting a building consisting of a storeroom and a dwelling above,
afterwards fitted up the storeroom for a saloon, and leased it for a sa-
loon, with privilege of purchasing saloon fittings. *Held*, that the fixtures
were not part of the freehold.

Appeal from trial term.

Action by John Schreyer against John Jordan. There was a judg-
ment for defendant, and plaintiff appeals. Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

John Hardy, for appellant.
Alex. Thain, for respondent.

SCHUCHMAN, J. This action is brought by the plaintiff to re-
cover damages for an alleged illegal entry by the defendant on May
1, 1896, upon premises known as "No. 583 Tenth Avenue," in the city
of New York, owned by the plaintiff, and for removing and taking
away from said premises the marble wainscoting in the toilet room,

and the water-closets, piping, and other fixtures in and about said toilet room, and an entrance porch in front of said building, commonly known as a "storm door." The plaintiff, the owner of said premises, claimed that said chattels were part of the freehold, and were owned by and belonged to him. The defendant, however, claims that the same were personal property, put up for the purposes of trade, and did not, therefore, pass with the freehold conveyed by him to the plaintiff, and that he had a legal right to take them away. The evidence adduced at the trial shows that the premises No. 583 Tenth avenue were formerly owned by the defendant, who erected the present building thereon. After the building had been fully completed, the defendant found he could not let the store in the building, and decided to fit it up for a saloon. The defendant employed a cabinet maker, who makes a specialty of fitting up saloons, to get up plans for fitting up the store in said premises as a saloon. He furnished the plans, which included the marble wainscoting in the toilet room, and the water-closets, piping, and other fixtures in and about the toilet room, and the storm door in front of the entrance to the saloon, and the saloon was afterwards fitted up in accordance with these plans, for the purpose of a saloon or liquor store. All said fixtures, including the water-closets and wainscoting in the basement and the storm door, were constructed to suit the saloon business and were necessary thereto. On or about May 1, 1895, the defendant leased to Alphonse Moller and Hans Graft the store and basement of said building No. 583 Tenth avenue, together with the following fixtures in said store, viz.: Bar, with back bar, lunch case, with mirrors, clock, chandeliers, brass foot bar, and others, and also the following fixtures then in said basement, with four urinals, three water-closets, and two wash basins, with plumbing complete, mosaic floor, one ladies' water-closet, and two bowling alleys complete, for the term of nine years from May 1, 1895, which lease contained the following provision:

"And it is hereby provided and agreed that the parties of the second part are to purchase the aforesaid fixtures in the store and basement, for the consideration of five thousand dollars, on or before the 1st day of May, 1897; and, if the said parties of the second part shall not so purchase said fixtures, then this lease shall, at the option of the party of the first part, be terminated, and become null and void."

On July 17, 1895, the lessees surrendered this lease to the defendant. On August 1, 1895, the defendant leased the store and basement of said premises No. 583 Tenth avenue to John McManus, for the term of four years and five months from said date. On September 23, 1895, the defendant sold the chattels and fixtures in said store and basement to said John McManus, who executed to the defendant a chattel mortgage on said articles, conditioned to be void if said McManus should pay $7,000 to the defendant on demand; otherwise, to be an absolute transfer to the defendant. This chattel mortgage was duly acknowledged, and filed in the New York county register's office on September 23, 1895, and covered the fixtures and chattels which are the subject of dispute herein. On October 29, 1895, the defendant conveyed said premises No. 583 Tenth avenue to the plain-

tiff by a deed dated on that day, and recorded on October 31, 1895, free from all incumbrance except the mortgage of $25,000, a lease of the upper part of the building from October 1, 1894, and a lease of the store and basement for four years and five months from August 1, 1895. McManus, the tenant of the store and basement, continued in possession of said store and basement, and of the chattels and fixtures therein, until May 1, 1896, when the defendant, having demanded payment of the mortgage, and McManus not being able to pay the same, surrendered possession to the defendant of the property mentioned in the mortgage, and the defendant accepted possession, and caused the fixtures to be taken out and carried away.

Adjudications have well settled the rule of law that chattels may be annexed to the real estate and still retain their character as personal property. The principle test is the intention of the parties at the time of making the annexation, and, incidentally thereto, the use or purpose of the application of the chattels is to be considered, and if the intention is that they shall not, by annexation, become part of the freehold, as a general rule they will not, except in those articles which are not themselves annexed, but are deemed to be of the freehold from their use and character, where the chattels could not be removed without practically destroying it, or where it, or part of it, is essential to the support of the freehold. Thus, it has been held that when machinery was affixed to the freehold, which constituted a mill property, the character of the machinery had changed from personal property to realty. Duffus v. Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925; Tifft v. Horton, 53 N. Y. 380; Voorhees v. McGinnis, 48 N. Y. 278; Sheldon v. Edwards, 35 N. Y. 282; Bank v. Shinn, 18 App. Div. 276, 279, 46 N. Y. Supp. 329; Sisson v. Hibbard, 75 N. Y. 544; Tyson v. Post, 108 N. Y. 217–221, 15 N. E. 316; Ford v. Cobb, 20 N. Y. 344; Stone Works v. Klingman, 20 App. Div. 449, 46 N. Y. Supp. 721; Farrar v. Chauffette, 5 Denio, 527; McRea v. Bank, 66 N. Y. 489, 497; Cooper v. Harvey (Sup.) 16 N. Y. Supp. 660. We think that the fixtures appertaining to a saloon business are not deemed to constitute the freehold as a saloon property. The premises No. 583 Tenth avenue constituted the dwelling above the store, and the store and basement were to be used for store purposes. The freehold existed independent of the saloon fixtures. Therefore we hold, with the trial judge, that the fixtures retained their character as personal property.

Judgment appealed from affirmed, with costs.

McCARTHY, J., concurs.