(60 Misc. Rep. 481.)

### SILLECK v. ROBINSON.

(Supreme Court, Special Term, New York County. September, 1908.)

Mechanics' Liens (§ 132*)—Notice of Lien—Time of Filing.

A lumber dealer delivered the lumber for a building to partners, who were constructing it, under contract to furnish them with all the lumber they required for the job. The partnership was dissolved before the building was finished, and the lumber dealer refused to furnish the rest of the lumber on the sole credit of the partner continuing the work, except a small quantity for immediate use. *Held*, that a notice of lien, filed by the dealer within 90 days after furnishing such small quantity, for the balance due on all the lumber furnished, was in time as to the whole of such a debt.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 202; Dec. Dig. § 132.*]

Action by Henry G. Silleck, Jr., against Idisor Robinson to foreclose a mechanic's lien. Judgment for plaintiff.

P. M. Crandell, for plaintiff.
Morris H. Hayman, for defendant.

GREENBAUM, J. On or about the 19th day of September, 1906, the defendants Robinson and Resht, jointly interested in the building of two houses on Washington avenue in the city of New York, entered into a written agreement with the plaintiff, a dealer in lumber, for the supplying to them of all the timber and lumber of certain mentioned kinds and sizes that might be required in the construction of said houses, at fixed rates per thousand feet for the particular kinds and sizes actually delivered. Payments were to be made at certain stages of the work of construction, to the extent of 60 per cent. of the prices agreed upon; the balance of 40 per cent. to be paid upon completion of contract. It was also provided that, in case the plaintiff "should wish a note at any time for the 40 per cent. remaining, the parties of the second part [Robinson and Resht] hereby agree to give same, signed by them individually." On or about February 9, 1907, the defendant Robinson executed his promissory note for three months, indorsed by the defendant Resht, for the sum of $1,774.27, being 40 per cent. of the value of the materials up to the date of the note delivered by plaintiff under the contract. At about the time of the ex-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ecution of the note plaintiff was advised by the said defendants that their partnership in the building enterprise in question had been dissolved; that the defendant Resht had no further interest therein, and would not be responsible for any lumber to be thereafter delivered. It was also asserted that the defendant Robinson alone would continue the work of construction. Plaintiff thereupon refused to deliver to Robinson any lumber on Robinson's personal responsibility, excepting a certain small quantity, to the extent of $138.42, which was required for immediate use, pending arrangements to be made by Robinson to procure lumber elsewhere. The last item of lumber for which plaintiff was to hold Robinson alone answerable was delivered on March 12, 1907, and the last delivery of lumber before plaintiff was informed that Resht would not pay for any future deliveries was on the 31st day of January, 1907. On May 10, 1907, the plaintiff filed his notice of lien for $1,912.69, the aggregate of $1,774.27, the balance concededly owing by Robinson and Resht, and of $138.42, the amount due under the so-called personal obligation of Robinson. It thus appears that the notice of lien was filed within 90 days after the last delivery of materials to Robinson individually, but more than 90 days after the last delivery to Robinson and Resht jointly.

Defendants now urge that so far as the item of $1,774.27 is concerned the lien is ineffectual, in that it was not filed within the time prescribed by statute. The complaint declares upon a quantum meruit, and not for breach of the written contract. When plaintiff was advised by the defendants of the dissolution of their copartnership, and that the defendant Resht would not be responsible for any future deliveries, he had the right to decline to make any further deliveries and to sue upon a quantum meruit. Windmuller v. Pope, 107 N. Y. 674, 4 N. E. 436; Clark v. Mayor, 4 N. Y. 338–343, 53 Am. Dec. 379. The circumstance that plaintiff voluntarily waived a personal claim against Resht for the small amount of lumber delivered after February 9th did not affect his right to treat the last item of lumber furnished as a delivery by virtue of his contract with Robinson and Resht, and to deem the contract terminated upon such delivery. The situation is not analogous to that found in Steuerwald v. Gill, 85 App. Div. 605, 83 N. Y. Supp. 396, where, after the completion of all the work required under his contract with the defendant, the plaintiff performed additional work at the request of defendant's wife. The filing of the lien in that case more than 90 days after the completion of the work under the original contract, but within 90 days after the performance of the extra work ordered by the wife, was held to be insufficient to maintain the lien for the balance due under the original contract; the court finding that there were two distinct and separate contracts. In the case at bar, however, the timber supplied after February was part of that agreed to be furnished under the contract with Robinson and Resht. Robinson ostensibly continued to be interested in the buildings as owner, and the materials delivered were for the improvement of the real property upon which the notice of lien was filed. Lien Law (Laws 1897, p. 516, c. 418) § 3. It should also be borne in mind that this is an action in rem, and the question of the

113 N.Y.S.—53

personal liability of Resht may be treated independently of that of plaintiff's right to assert his lien against the real property. In my opinion, the plaintiff's consent to make a further delivery after February 9th merely operated as fixing the time when the original contract was to terminate. Nor was it necessary to allege a nonperformance. The action was not brought under the contract as for a breach. The contract was merely evidentiary of plaintiff's claim.

The point urged by defendant's counsel that the notice of lien was invalid, because verified by an agent of the plaintiff who was not necessarily familiar with the facts set out in the notice, is sufficiently answered by the opinion of the court in Union Stove Co. v. Klingman, 20 App. Div. 449, 46 N. Y. Supp. 721, affirmed by the Court of Appeals 164 N. Y. 589, 58 N. E. 1093.

Judgment for plaintiff as prayed for.