(61 Misc. Rep. 494.)

### WILLIAMS et al. v. LONDON et al.

(Supreme Court, Special Term, New York County. December, 1908.)

1. MECHANICS' LIENS (§ 30*)—NATURE OF IMPROVEMENT—ICE BOXES.

    Where ice boxes are constructed for the kitchens of an apartment house, and installed by the owner of the building with the intent to use them in the building and dispose of them with it, and the boxes are used by the tenants, though not physically attached to the walls or floors of the building, they are the proper subject of a mechanic's lien.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 35; Dec. Dig. § 30.*]

2. FIXTURES (§ 7*)—WHAT CONSTITUTE—ICE BOXES IN APARTMENT HOUSE.

    Where ice boxes furnished for an apartment house were placed one in each apartment, though not physically attached to the walls or floors, they became fixtures; the intent of the owner being that they should become a part of the building for the use it was designed.

    [Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 9; Dec. Dig. § 7.*]

Action by William Williams and others against Albert London and others. Judgment for plaintiffs.

H. S. Mack, for plaintiffs.

M. London, for defendants.

BLANCHARD, J. This is an action to foreclose a mechanic's lien. The plaintiffs were manufacturers of ice boxes and refrigerators. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant Albert London called at their place of business, and, after looking over their stock, ordered 42 boxes from a design shown him. This order was later increased to 44. The boxes were to be 56 inches high and to cost $9.50 per box. The plaintiffs manufactured and delivered the boxes at the premises upon which the lien in question was placed, and installed them by placing one ice box or refrigerator in the kitchen of each apartment, over a drain and sieve which had been provided by the plumber so as to allow the water to drain off into the sieve, and so from the building. When the defendants refused to pay for the boxes, the plaintiffs filed the lien now sought to be foreclosed.

Two defenses are interposed to the action. One is that the boxes are smaller than the kind ordered, and the other is that they cannot be made the subject of a mechanic's lien. The evidence as to the actual size of the boxes delivered is conflicting, uncertain, and unreliable. One of the plaintiffs testifies that the boxes were 56 inches high. His testimony is not corroborated, nor does he attempt to corroborate it. Corroboration would have been easy if his contention were correct. He might have called his partner or an employé, but he called neither. All of the defendants allege in their answers that it was agreed the boxes were to be 54 inches high, and they now claim a reduction from the agreed price equal to the difference between the value of a box 56 inches high and a box 52 inches high. One of the defendants testifies that the boxes were 52 inches high, but he does not state that he made any measurements. Another defendant testifies:

"I measured them from the floor to the molding on the ice box, which is the top. * * * The height was just a little over 52 inches."

It is impossible to reconcile the conflicting evidence or to draw a sound conclusion from it. It is conceded, however, that the 44 ice boxes were delivered and installed, that they have remained on the premises from the date of their installation to the present time, and that they are still in use by the various tenants who occupy the premises. There is no evidence in this case that the defendants rejected the boxes or refused to receive them or offered to return them because they did not conform to the order. On the contrary, it points to an acceptance of the boxes as delivered. Upon the evidence in the case and all the circumstances attending the transaction, and especially in view of the attitude of the parties to it at and about the time it occurred, the court must hold that there was a substantial compliance with the agreement in the kind and quality of the boxes delivered. Are the boxes or refrigerators so sold, delivered and installed in the defendants' premises the proper subject of a mechanic's lien? It is clear that the boxes were placed in the building for the convenience and accommodation of the tenants, but whether or not they became fixtures or a part of the realty depends on the intention of the defendant Albert London, the owner of the building. He ordered and had them installed in the building, and all his dealings with the property seem to indicate an intention on his part to make them a part of the realty. The references in the mortgages he made and the deed whereby he conveyed the property go far to confirm the view that, when he installed the ice boxes or refrigerators in the building, he did so with the intention to use them

in the building and to dispose of them with it.  They were for use by any tenant who might happen to occupy an apartment.  There were more than 40 apartments and a box for each apartment.  And, while these boxes were not physically attached to the walls or floors of the building, the circumstances attending their installation amounted to a constructive annexation of them to the realty.  I hold, therefore, that they were installed in the building with the intention and purpose on the part of the owner that they should become a part or parcel of it for the uses and purposes for which the building was designed, and, having been installed with such intention and purpose, they have become fixtures and the proper subject of a mechanic's lien.

Judgment for plaintiffs.