(47 App. Div. 267.)

REEVES v SEITZ et al.

(Supreme Court, Appellate Division, Second Department.　January 9, 1900.)

1. MECHANIC'S LIEN—NOTICE—SIGNATURE—COPY—SERVICE ON OWNER.

As neither the notice of lien nor the affidavit of verification thereon need be signed by the claimant in order to constitute a valid notice, service, by a material man, on the owner of the property, of a notice of lien, which is a copy of a notice filed, except that neither the copy nor the verification is signed, though the notice filed is signed by the claimant, is sufficient to charge the owner.

2. SAME.

Where a material man, who had filed a notice of lien in the clerk's office, served a copy thereof on the owner before the contractor had recovered a judgment against the owner in an action to recover a balance due, the owner cannot escape liability to the material man on the ground that the contractor procured a judgment which he had paid, as on the service of the notice he should have applied for an amendment of his defense, or a stay of the action; and the mere fact that the justice before whom the action between the owner and contractor was on trial expressed the opinion that the copy of notice served on owner was not sufficient does not defeat the material man's claim, if, as a matter of fact, the notice was sufficient.

Appeal from Queens county court.

Action by Ward S. Reeves against Michael Seitz and another to foreclose a mechanic's lien. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

John A. Kamping, for appellants.
William E. Stewart, for respondent.

PER CURIAM.[1]  This action is brought by the plaintiff, a material man, against the defendant Seitz as owner and the defendant Goeb as contractor, to foreclose a mechanic's lien.  There is no dispute as to the quantity or value of the goods furnished by the plaintiff.  The amount of plaintiff's claim is $378.33.  A notice of lien was filed in the clerk's office on September 19, 1898.  Previous to this date the defendant Goeb had sued the defendant Seitz for a balance due on the contract in excess of the amount of plaintiff's claim.  That case came on for trial in the municipal court of the city of New York on September 19th.  During the progress of the trial, but before any decision was made, or judgment rendered, a copy of the notice of lien was served on the defendant Seitz, which he presented to the justice holding court.  Nevertheless the trial proceeded, and judgment was rendered in favor of Goeb, which Seitz immediately paid.

The first objection to the plaintiff's recovery is that the paper served on Seitz was not a true copy of the notice of lien filed in the clerk's office.  The notice filed contained the signatures of the claimants at the foot of the lien, and also the signature of Reeves to the verification.  The copy served contained neither signature.  In these

1 This opinion was written by Mr. Justice CULLEN before his designation · as an associate judge of the court of appeals, and is adopted by this court.

respects, of course, the paper served was not an exact copy of the paper filed; but by section 25 of the lien law of 1885 it is directed that the act shall be construed liberally, to secure its beneficial interests and purposes, and that a substantial compliance with its several provisions shall be sufficient. · If, therefore, the notice served contained all that was requisite under the statute to constitute a valid notice of lien, it was sufficient, and whatever the notice filed contained in addition to the statutory requirements should be regarded as surplusage. It was not necessary that the notice of lien should be signed (Moore v. McLaughlin, 66 Hun, 133, 21 N. Y. Supp. 55), nor was it necessary that the affidavit of verification be signed by the affiant (Jackson v. Virgil, 3 Johns. 539).

The second objection is the payment of the judgment recovered by the contractor, Goeb. This payment was not made until after the defendant Seitz had notice of lien, nor was it a compulsory payment. On the service of the notice of lien the defendant Seitz should have applied for an amendment of his defense, or a postponement or stay of the action. Had the trial court denied relief in these respects, he could have sought it by appeal; or it may be that he might have applied to a court of equity to restrain the enforcement of the judgment. The plaintiff was not a party to the suit in the municipal court, nor could the justice holding it summarily dispose of his rights by expressing the view that the notice of lien was invalid. When Seitz chose to acquiesce in that view, and not resist the recovery of the judgment, the payment of that judgment cannot be allowed to defeat the plaintiff's claim.

The judgment appealed from should be affirmed, with costs.