THE ST. JOHN WOODWORKING COMPANY, Respondent, *v.* SAMUEL W. B. SMITH and KATE M. SMITH, his Wife, Defendants, Impleaded with HERBERT COOPE and Others, Appellants.

*Acceptance of an offer of judgment — failure to annex an affidavit of the attorney's authority — insufficiency of the statement not available to fraudulent grantees of the debtors — the judgment may be for a claim not due — an execution returned unsatisfied upon one of two judgments gives the court jurisdiction.*

The failure to annex to the acceptance of an offer of judgment an affidavit of the authority of the attorney signing such acceptance, is a mere irregularity of which third parties cannot take advantage.

The objection, that the statement upon which a judgment was entered by confession was insufficient, is not available to fraudulent grantees of property belonging to the judgment debtor.

Judgment may be confessed upon a claim which is not yet due.

The complaint in an action brought by a judgment creditor to set aside a fraudulent conveyance made by the judgment debtor will not be dismissed because it appears that the judgment creditor had obtained two judgments against the judgment debtor and that, at the time of the commencement of the action, an execution had been returned unsatisfied on only one of such judgments.

In such a case, the return unsatisfied of an execution issued on one of the judgments gives the court jurisdiction over the subject-matter of the action, and, having obtained jurisdiction, the court will proceed to grant the judgment creditor such relief as he may be entitled to within the scope of the issues.

VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

APPEAL by the defendants, Herbert Coope and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in

the office of the clerk of the county of New York on the 19th day of December, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, setting aside certain transfers of real estate, with notice of an intention to bring up for review upon such appeal an interlocutory judgment bearing date the 13th day of November, 1900, sustaining the plaintiff's demurrer to a portion of said defendants' answer.

The action was brought by the plaintiff, as a judgment creditor of the defendant Samuel W. B. Smith, to set aside certain conveyances, mortgages and assignments thereof, by means of which certain real estate in the city of New York was transferred by said defendant Smith to the defendant Herbert Coope and by him to Edwin Shuttleworth, on the ground that the transfer was made with intent to hinder, delay and defraud the creditors of the said Samuel W. B. Smith.

*Thomas C. Ennever*, for the appellants.

*Charles W. Dayton*, for the respondent.

Judgment affirmed, with costs, on the opinion of the court below.

Present — VAN BRUNT, P. J., PATTERSON, MCLAUGHLIN, HATCH and LAUGHLIN, JJ.

VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

The following is the opinion of TRUAX, J., delivered at Special Term:

TRUAX, J.:

I am of the opinion that the deed from Smith to Coope and the mortgage from Coope to Shuttleworth were made, executed and delivered with the intent of hindering, delaying and defrauding the creditors of Smith other than the defendant Shuttleworth. At the time said deed and said mortgage were delivered Smith was largely in debt. His creditors were pressing him, and the effect of the execution of the deed was that practically all of his property was put in the possession of Coope and away from Smith's creditors. Although Smith had parted with the apparent title to the prop-

erty, still he was allowed to and did manage it as though it was his own property. He did not record the mortgage given by Coope to him (the effect of which was that the creditors did not know that he held such a mortgage), and he was allowed by Coope to take some $6,090, part of the proceeds of the loan made by the insurance company on the property. The execution of the mortgage by Coope to Shuttleworth was a part of the scheme to defraud the creditors of Smith. The conveyance by Coope on the twenty-first of September to Shuttleworth was in furtherance of the design to hinder, delay and defraud Smith's creditors, and it did in fact hinder, delay and defraud those creditors. Even after this last-mentioned conveyance Smith was allowed to and did to some extent manage and control the property. In all the transactions between Smith and Coope at which Shuttleworth was not present Coope acted as the agent of Shuttleworth, and Shuttleworth subsequently adopted and ratified his acts. The evidence also shows that Shuttleworth actively participated in the conspiracy to defraud the creditors of Smith. For the reasons above stated the transfers of the deeds from Smith to Coope and from Coope to Shuttleworth and the above-mentioned mortgages from Coope to Smith and Coope to Shuttleworth should be set aside as fraudulent as against this plaintiff. In view of the fact that enough money to pay the claim of the plaintiff has been deposited and is now in court, it is not necessary to direct an accounting or the appointment of a receiver, as prayed for in the complaint.

The defendants Coope and Shuttleworth contended on the trial that the judgment entered on December 27, 1899, for $1,988.77, should not be received in evidence, because no affidavit of the authority of the attorney was annexed to the acceptance of the offer of judgment. This objection is without merit. It is well settled that the statutory provision was intended for the benefit and protection of the parties to the action, and that the absence of the affidavit of authority is a mere irregularity of which third parties cannot take advantage (*Citizens' National Bank of Towanda* v. *Shaw*, 46 Hun, 589), and can be and was waived by the defendant against whom the judgment was entered. (*Phyfe* v. *Eimer*, 45 N. Y. 102.) The defendants Coope and Shuttleworth also objected to the admission of the judgment entered December 27, 1899, for $3,198.20, on the grounds that the

judgment (*postea*) was not annexed to the roll; that the statement on which the judgment was entered was insufficient, and that the claim for which judgment was entered was not due. The first objection is not well taken, because the judgment was in fact attached to the judgment roll. In the absence of fraud in the entry of judgment the defendants Coope and Shuttleworth could not take the second objection, because they are not *bona fide* purchasers for value, and as against them the judgment is conclusive. (*Carpenter* v. *Osborn,* 102 N. Y. 552. See, also, *Neusbaum* v. *Keim,* 24 id. 325.) The Court of Appeals, in the case last cited, said that " It was an ancient and well settled practice of the courts to allow judgments to be recovered by confession, either without action or pending an action. Such judgments rested, as they do still, upon the simplest of all foundations — that of consent ; and the consent was enough without a special and particular statement of the cause or consideration of the debt. This was so even as to other creditors and purchasers until the Legislature of this State, in 1818, enacted a statute on the subject. The practice was considered liable to abuses, affecting the rights of other parties. That statute, therefore, provided that, from thenceforth, in all judgments by confession without suit, the plaintiff should file with the record a particular statement of his debt, and if this was omitted such judgments were to be deemed fraudulent as to other *bona fide* judgment creditors and as to *bona fide* purchasers for valuable consideration of any lands bound or affected by such judgments. \* \* \* As to him (the judgment debtor) the framers of the Code and the Legislature did not intend so absurd a thing as to enact that an explicit written authority for a judgment should not be sufficient. This would be to deny to him power and capacity to act for himself. As to third parties the change is substantial ; but they must be parties within the protection of the principle on which the change was based. In favor of such parties the statute guards against the confessions of fraudulent and collusive judgments ; but if they are themselves fraudulent and collusive dealers with the debtors, they are not within its protective policy. Persons in that situation could not, by an affirmative suit or proceeding, assail a judgment by confession admitted to be fraudulent. The law would not listen to them at all. And where they have got possession of the debtor's property by a fraudulent and void conveyance, they

cannot be allowed to hold it against a judgment which is valid against the debtor and fair in its consideration on the mere ground that the statement of such consideration is not sufficient." There is no validity in the third ground. The Code expressly authorizes the entry of a judgment for a debt not yet due (Code Civ. Proc. § 1274, subd. 2), and for its collection. (Code Civ. Proc. § 1277.) The defendants Coope and Shuttleworth contend that the complaint should be dismissed because an execution had not been issued upon the judgment for $3,198.20 at the time of the commencement of the action. This contention cannot be maintained. An execution had been issued and returned unsatisfied on the judgment entered on December 27, 1899, for $1,988.77, and that fact gives the court jurisdiction over the subject-matter of this action. Having obtained jurisdiction the court will go on and grant such further relief within the scope and meaning of the issues as the parties might be equitably entitled to in connection with the transactions under investigation. (*Carpenter* v. *Osborn,* 102 N. Y. 552. See, also, *Edwards & Son Brokerage Co.* v. *Rosenheim,* 74 Mo. App. 621.) Let judgment be entered for the plaintiff, with costs and an extra allowance of five per cent on the amount involved, as above directed. Judgment to be settled on notice.