WILLIAM E. HARVEY, Plaintiff, *v.* GEORGE E. BREWER, Respondent, Impleaded with HENRY T. CONKLIN and Others, Defendants, and GARRET L. HARDY and Others, Appellants.

*Mechanic's lien — what is an absolute engagement by the owner to pay the amount mentioned in an order given by a contractor to a sub-contractor — section 15 of chapter 418 of the Laws of 1897 does not, in such a case, require the order to be filed.*

Henry T. Conklin entered into a contract by which he agreed to construct a house for George E. Brewer. During the performance of the work the Van Brunt Plumbing Company, which had done work for and furnished materials to Conklin, filed a lien for the balance of their claim, which balance amounted to $673. Conklin thereupon gave to the plumbing company the following order:

"SOUTHAMPTON, N. Y., *March 25th*, 1901.
"DR. GEORGE E. BREWER:

"$673. DEAR SIR.— When last payment on your house is due and you receive certificate for same, please pay Van Brunt Plumbing Co. the sum of six hundred and seventy-three dollars and deduct same from my payment.
"Resp. yours,
"H. T. CONKLIN."

Brewer then sent to the plumbing company the following communication:

"VAN BRUNT PLUMBING Co.:                                    *April* 3, 1901.
"SIRS.— On completion of the job by Mr. Conklin to the satisfaction of Mr. Snelling, I will honor the order of Mr. Conklin and turn the sum mentioned over to you, deducting it from his last payment.
"G. E. BREWER."

Upon the receipt of the latter letter, the plumbing company indorsed upon the back of the order a statement that it had been accepted by it, and also caused the lien filed by it to be discharged of record. The order was not filed pursuant to section 15 of chapter 418 of the Laws of 1897.

*Held*, that Brewer assumed an absolute obligation to pay the plumbing company the amount of the order and that such obligation was accepted by the plumbing company as payment;

That, consequently, section 15 of chapter 418 of the Laws of 1897, requiring the filing of orders for the payment of money drawn by a contractor upon the owner, did not apply.

APPEAL by the defendants, Garret L. Hardy and others, from a judgment of the County Court of Suffolk county in favor of the defendant George E. Brewer, entered in the office of the clerk of the county of Suffolk on the 25th day of April, 1902, upon the report of a referee in a mechanic's lien foreclosure suit.

*William B. Hurd, Jr.,* and *Herman H. Baker,* for the appellants.

*William B. Anderson* and *William. Williams,* for the respondent.

WILLARD BARTLETT, J.:

In the year 1900 the respondent, Dr. George E. Brewer, employed Henry T. Conklin to build a house for him in Southampton, L. I., for $8,025. The appellants Hardy, Voorhees & Co. were sub-contractors for the painting. In May and June, 1901, seven valid mechanics' liens against the property were duly filed, the first being that of the plaintiff for $352.71, and the sixth being that of the appellants Hardy, Voorhees & Co. for $1,160. The referee before whom this suit to foreclose the plaintiff's lien was tried has found that there remained unpaid in the owner's hands at the time the liens attached only $911 of the amount payable to Mr. Conklin under the contract. This was not sufficient to give Hardy, Voorhees & Co. anything under their lien. They have now appealed, and their appeal is based on the proposition that the referee should have found under the evidence that the owner had $1,584 in his hands instead of $911.

The learned referee reached this result by giving effect to a written order upon the owner, the validity of which is the only question presented by this appeal.

Before the filing of any of the liens already mentioned, the Van Brunt Plumbing Company had done work upon the house for the contractor, and had furnished materials to him, for which a balance of $673 remained unpaid in March, 1901. The company filed a lien for this balance, whereupon the contractor gave to the company an order upon the owner in these words:

"SOUTHAMPTON, N. Y., *March 25th,* 1901.
" DR. GEORGE E. BREWER :
" $673.    DEAR SIR.— When last payment on your house is due and you receive certificate for same, please pay Van Brunt Plumbing Co. the sum of six hundred and seventy-three dollars and deduct same from my payment.          Resp. yours,
                                        " H. T. CONKLIN."

In reference to this communication the owner wrote to the Van Brunt Plumbing Company as follows:

"VAN BRUNT PLUMBING Co.:                    *April* 3, 1901.

"SIRS.— On completion of the job by Mr. Conklin to the satisfaction of Mr. Snelling, I will honor the order of Mr. Conklin and turn the sum mentioned over to you, deducting it from his last payment.

"G. E. BREWER."

Upon the receipt of this letter the agent of the Van Brunt Plumbing Company indorsed upon the back of the order the following: "Accepted April 3, 1901. Van Brunt Plumbing Co., per Ryder." He testified that he subsequently caused the company's lien to be discharged of record in consideration of the acceptance of the order by the owner. Dr. Brewer, however, did not actually pay the $673 to the company until June 19, 1901, subsequent to the filing of the appellants' lien.

The referee found that by the acceptance of the Conklin order of March 25, 1901, Dr. Brewer assumed a new obligation to the Van Brunt Plumbing Company, a third party, and that "the assumption of such new obligation was, in reference to the Conklin contract, equivalent to payment to the extent of the obligation."

On the other hand, the learned counsel for the appellants contends that although such an order as that given by the contractor upon the owner herein would formerly have been held good (*Stevens* v. *Ogden*, 130 N. Y. 182) it is now a nullity because it was never filed under section 15 of chapter 418 of the Laws of 1897, which provides as follows: "No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property, or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or sub-contractor upon the owner of such real property, for the payment of such money, shall be valid, until the contract, or a statement containing the substance thereof and such assignment, or a copy of each, or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved, or to be improved, is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing."

. The effect of this enactment was considered by this court in *Lawrence* v. *Dawson* (50 App. Div. 570 ; affd., 167 N. Y. 609), where WOODWARD, J., said : " The only effect of section 15 of chapter 418 of the Laws of 1897 is to require the filing of the evidences of such legal obligations to pay, where the payments are to be subsequently made ; it does not require the filing of such evidence where the payment is made at the request of the contractor before the filing of notice of lien, and where the payment is for materials actually furnished the contractor. \* \* \* This is a recognition of the rule frequently declared that the owner is protected in respect to payments to the contractor made *bona fide* before the filing of notice of lien, and this although the notice was filed within the statutory time ; and an obligation assumed by the owner to pay a third person is regarded as equivalent to payment to the extent of the obligation." (Citing *McCorkle* v. *Herrman*, 117 N. Y. 297.)

The statement of that portion of the rule contained in the clause last quoted must be further qualified by the requirement that the obligation, in order to be deemed equivalent to payment, must be an absolute and unconditional obligation to pay. (*Gibson* v. *Lenane*, 94 N. Y. 183, 188.) " It is entirely immaterial," says RUGER, Ch. J., in the case cited, " when such obligation becomes payable, provided the owner, or any one in his behalf, has become unconditionally bound to pay it and it has been accepted as a payment by the several parties interested therein."

Applying this doctrine to the order and acceptance in the present case, I think we have here on the part of the owner an absolute obligation to pay the Van Brunt Plumbing Company $673, which obligation was accepted by that company as payment. The company's acceptance thereof as payment is evidenced not only by the indorsement which its agent made upon the order after the receipt of Dr. Brewer's promise, but also by the withdrawal of the lien which it had previously filed. The promise of Dr. Brewer to pay was not conditional, but it merely fixed, as the time for payment, the time when the contractor would himself be entitled to receive the last moneys payable under his contract. In my opinion, a fair view of the import and effect of the instruments which passed between the parties to this transaction sustains the conclusions of

the referee, and the judgment entered upon his report should be affirmed.

Section 3411 of the Code of Civil Procedure provides that costs in mechanics' lien suits rest in the discretion of the court, and may be awarded to the prevailing party.   In the court below costs were awarded against the appellants in favor of the owner, and objection is made to this feature of the judgment on the ground that he was not the prevailing party, but that the plaintiff (the first lienor) prevailed.   The only issues which appear to have been litigated, however, were those between the owner and these appellants, and as to such issues and as between these parties the owner is certainly the prevailing party.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment of County Court of Suffolk county affirmed, with costs.