(87 App. Div. 241.)

### TOOP v. SMITH et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MECHANICS' LIENS—NOTICE.

Under Lien Law, § 9, subd. 4 (Laws 1897, p. 518, c. 418), requiring a notice of mechanic's lien to state the labor performed, or the materials furnished, and the agreed price or value thereof, a notice of lien merely stating that the labor performed and the agreed price or value thereof was as follows, and then averring that under a contract partly oral and partly written, made with defendants according to specification and drawings, and for certain extra work and materials ordered, defendants were indebted in the sum of $8,987, with interest on $5,091.11 from December 6, 1899, was insufficient.

2. SAME—PERSONS ENTITLED TO CONTEST LIEN—FRAUDULENT GRANTEES.

Where a mechanic's lienor attempted to charge certain fraudulent grantees of the property with liability under the contract, and the conveyance, though void as to the grantor's creditors, was valid as between the grantor and grantee, such grantee had a legal right to contest the validity of the lien.

Appeal from Special Term, New York County.

Action by George H. Toop against Samuel W. B. Smith, impleaded with Herbert Coope and Edwin Shuttleworth. From a judgment

sustaining plaintiff's claim to a mechanic's lien and setting aside certain transfers of real estate, defendants appeal.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas C. Ennever, for appellants.

Rollin M. Morgan, for respondent.

PATTERSON, J.  Plaintiff sued to foreclose a mechanic's lien, and in the same action sought to set aside certain conveyances of the real property against which the lien was filed.  The court at Special Term determined that the conveyances were made with intent to hinder, delay, and defraud creditors of the defendant Samuel W. B. Smith, with whom, it was alleged in the complaint, the plaintiff originally contracted to furnish the materials and do the work for which the lien was asserted.  The conclusion of the court concerning the fraudulent character of the conveyances was fully sustained by the evidence, which is in every material respect the same as that which was before this court in the case of St. John Woodworking Company v. Smith and Others, 82 App. Div. 348, 82 N. Y. Supp. 1025, in which the same conveyances were held to be fraudulent and void.  The record in this case, so far as it relates to that subject, contains precisely the same evidence that was before the court in the case referred to, and, indeed, the proof now before us was read from the record of the trial in that case.  But, while the conveyances are adjudged to have been fraudulent and void, the question remains as to the validity and enforceability of the lien filed against the property.  It was filed not only against Samuel W. B. Smith, but also against Herbert Coope and Edwin Shuttleworth, to affect their interest, which in the notice of lien is said to be, "so far as known, that of owners in fee"; and in the complaint it is alleged that, although the contract for work and materials was originally made between the plaintiff and Smith, yet he (the plaintiff), at the request of the defendants Coope and Shuttleworth, continued under the contract to furnish materials for the building in pursuance of the terms of such contract; and it was shown in evidence that materials were so furnished, and that allegation of the complaint was supported by some proof.  The effort of the plaintiff, therefore, is to charge a responsibility upon the defendants Coope and Shuttleworth in connection with the contract.  The conveyances by which the title to the premises became vested in Shuttleworth are good as against Smith, although the property is subjected to the claims of judgment creditors at whose suit they were declared to be fraudulent and void. Jackson v. Cadwell, 1 Cow. 622; Anderson v. Roberts, 18 Johns. 527, 9 Am. Dec. 235.  Coope and Shuttleworth therefore have an interest in defending against the lien, and it is open to them to question its validity.

The notice of lien filed by the plaintiff was insufficient.  It failed to comply with the requirements of the fourth subdivision of the ninth section of the lien law (Laws 1897, p. 518, c. 418).  It is required by that subdivision that the notice of lien must state the labor performed or to be performed and the materials furnished or to be

furnished and the agreed price or value thereof. The notice of lien filed by the plaintiff does not contain such a statement. It merely states that:

"The labor performed and the agreed price or value thereof is as follows: Under and by virtue of a contract partly written and partly oral made with the said Smith, Coope, and Shuttleworth, above mentioned, according to specifications in writing and drawings of the improvements therein mentioned, on or about February 24, 1898, April 25, 1899, and September 25, 1899, and also for certain extra work and materials ordered by said Shuttleworth, all upon the building and premises situate as hereinafter stated, for the sum of eighty-nine hundred and eighty-seven dollars ($8,987), with interest on five thousand and ninety-one and $11/100$ dollars from December 6, 1899."

What materials were furnished and what work was done is nowhere stated, and no specifications or drawings appear in, or in connection with, the notice of lien.

It was held in McKinney v. White, 15 App. Div. 423, 44 N. Y. Supp. 561, that, to entitle a claimant to the benefit of the mechanic's lien law, its directions must be substantially observed, such compliance being necessary to confer jurisdiction upon the court; and also that the statute requires that the notice shall state the nature and amount of labor and services performed or of materials furnished or to be furnished. That case was affirmed by the Court of Appeals. 162 N. Y. 601, 57 N. E. 1116. Here, as there, we are unable to find a statement of the nature and amount of the labor and services performed, or the nature and amount of the materials furnished or to be furnished. The notice is absolutely silent as to those matters. There is no direct mention of the character of the work or the nature of the materials, and nothing is presented in connection with the notice by a reference to which that information could be obtained. The cases cited by the respondent to sustain the sufficiency of the notice of lien do not apply. In Reeves v. Seitz, 47 App. Div. 267, 62 N. Y. Supp. 101, the intimation is plain that the notice contained all that was requisite under the statute to constitute a valid notice of lien; and in Vogel v. Luitwieler, 52 Hun, 184, 5 N. Y. Supp. 154, it was held only that, as between the parties to that action, and in view of its circumstances, the omission to state in the notice of lien as to what were the materials and work for which the lien was claimed did not affect the right of that particular plaintiff. Unless the defendant Shuttleworth has no legal right to contest the validity of this lien, it must be adjudged in this action that the notice was insufficient to bind him. We think that he was so situated with reference to the property as to entitle him to raise the question.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.