BENJAMIN F. JACKSON, Plaintiff, *v.* ANDREW EGAN et al., Defendants, GEORGE ROBINS et al., Appellants, and ALBERT W. DE LONG, Repondent.

Mechanics' lien — meaning of term "materialman" — priority of liens.

By reason of the provisions of the Lien Law (Code Civ. Pro. § 3414; Cons. Laws, ch. 33, § 56) relating to the foreclosure of mechanics' liens, a materialman is entitled to preference over one who furnishes both material and labor, and who is, therefore, a sub-contractor, though the claim of the latter was filed first in point of time. (Following *Hermann & Grace* v. *City of N. Y.,* 130 App. Div. 531; affd., 199 N. Y. 600.)

Under section 2 of the Lien Law (Cons. Laws, ch. 33, § 2) a person who furnishes material for the improvement of real property is not necessarily a materialman to whom preference in payment is awarded. To come within the definition of the statute he must not only furnish materials but he must not be a contractor as also defined by the statute. By the express language of the statute any one who contracts directly with the owner, though it be only to furnish materials, is a contractor. *Jackson* v. *Egan,* 138 App. Div. 505, reversed.

(Argued January 3, 1911; decided January 27, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 26, 1910, affirming an order of Special Term in proceedings for the distribution of surplus moneys arising on the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*Eli J. Blair, Herbert Reeves* and *C. C. Van Valkenburg* for George Robins, appellant. The legislature when it defined materialman in this law intended to add to the definition and did add by implication the words "under a contract with the contractor," as distinguished from the contractor whose agreement is with the owner. In this case the owner acted as contractor, so that the three lienors stand in the same position with respect to the nature of their liens. It, therefore, follows that the lien of this appellant is prior to that of the respondent and is not subordinate to his lien or to the lien of the other appellant. (*McDermott* v. *Palmer*, 11 Barb. 9; *Loonie* v. *Hogan*, 9 N. Y. 435.)

*W. C. Damron* for Brooklyn Builders Supply Company, appellant.

*Mortimer M. Menken* and *Percival Menken* for respondent. Both the respondent Albert W. De Long and the appellant Brooklyn Builders Supply Company are "materialmen," as defined by the Lien Law, and the only preference between them is that obtained by the respondent De Long by virtue of the fact that his lien was filed first in point of time. (*H. C. Co.* v. *P. & G. Co.*, 62 Misc. Rep. 129; *Herrmann & Grace* v. *City of New York*, 130 App. Div. 531.)

CULLEN, Ch. J. A sale under a judgment for the foreclosure of a mortgage on real estate resulted in a surplus to which each of the three parties litigant on this appeal made claim. The claim of each is based on a mechanic's lien, the validity of which against the owner of the equity of redemption is

32

conceded. The dispute is as to which of these claims is paramount, as any one will exhaust the surplus moneys. That of the appellant Robins was first filed and is for a sum due on a contract by which the lienor furnished and installed plumbing in a building on the land sold. The second in point of time is that of the respondent De Long and is for a sum due him on a contract with the owner under which he furnished the trim for the building. That of the appellant, the supply company, is last in point of time and is for brick and mason's building materials sold to the owner for use in the construction of the building. The referee reported in favor of awarding the surplus moneys to the respondent De Long, and the Special Term so ordered. That order has been affirmed in the Appellate Division by a divided court, from which decision an appeal has been taken to this court.

The superiority of right between these three claimants depends on certain provisions of the Mechanics' Lien Law. If the claims were of exactly the same character the lien of the appellant Robins, as prior in time, would be paramount. He has been denied the preference which that priority would otherwise entitle him to on the ground that he was a contractor while the others were materialmen, and that by section 3414 of the Code of Civil Procedure it is provided : " When a laborer or a materialman shall perform labor or furnish materials for an improvement of real property for which he is entitled to a mechanic's lien, the amount due to him shall be paid out of the proceeds of the sale of such property under any judgment rendered pursuant to this title, in the order of priority of his lien, before any part of such proceeds is paid to a contractor or sub-contractor." It has been held that by reason of this provision a materialman is entitled to preference over one who furnishes both material and labor, and is, therefore, a sub-contractor, though the claim of the latter was filed first in point of time. (*Hermann & Grace* v. *City of N. Y.*, 130 App. Div. 531 ; affd. in this court, 199 N. Y. 600, on opinion of SCOTT, J., below.) The result reached by the courts below, however apparently unfair, would have been in accordance with

the law had the contracts of all these several claimants been with a contractor instead of the owner. But when we examine the sections of the Lien Law we find that neither De Long nor the supply company was a materialman within the terms of the statute. By section 2, which deals with definitions, it is enacted that the term " contractor," as used in the statute, means a person who enters into a contract with the owner of real property for the improvement thereof, and that a materialman means any person other than a contractor who furnishes material for such improvement, and that the term " improvement " includes " the erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property, *or materials furnished for its permanent improvement.*" (Cons. Laws, ch. 33, section 2.) It will thus be seen that a person who furnishes material for the improvement of real property is not necessarily a materialman to whom preference in payment is awarded. To come within the definition of the statute he must not only furnish materials but he must not be a contractor as also defined by the statute. By the express language of the statute any one who contracts directly with the owner, though it be only to furnish materials, is a contractor. Therefore, these three lienors, so far as the character of their liens is concerned, stood on an equality, and the first in time, that of the appellant Robins, was entitled to preference.

While this view works out justice in the case before us we appreciate that the construction which denies the materialman a preference which he would have obtained had he furnished the material to a contractor or sub-contractor, instead of to the owner, may seem strange and unnatural. Whether in our decision of this case or in that of *Hermamn & Grace* v. *City of New York* (*supra*) we have discovered and given effect to the real intent of the legislature may be doubted. For this result we are not responsible. The decisions accord with the exact language of the statute and personally I am unable to discover any general principle underlying the statute

which would justify us in departing from its words to give effect to its supposed intent. It is true that we may discover a certain intent to favor persons furnishing material. But that intent is not general or in favor of all material-men. If it should be asked why deny the man who furnishes material under a contract with the owner the same rights he would possess if he contracted with a contractor, it may be answered by another query: Why should the claim of a man who furnishes material be subordinate to the claim of other parties who furnish material, simply because the former agrees in addition to furnishing the material to instal it or use it in the building. The statute, construe it as we may, presents anomalies and incongruities with which it is very difficult to deal. The rule established in the *Hermann & Grace* case operates to the detriment of certain building trades, such as those of the plumber, the painter, the furnisher of heat or lighting apparatus and others in which the material is supplied and the work of installing done by the same party. Still, we find no way to avoid that result. If there is any change to be made in the law it must be by the action of the legislature in amending or recasting the statute.

The orders of the Appellate Division and that of the Special Term should be reversed and the surplus money awarded to the appellant Robins, with costs in all courts.

VANN, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Orders reversed, etc.