FELIX PASCUAL, Appellant, *v.* GREENLEAF PARK LAND COMPANY, INC., and Others, Defendants, Impleaded with NEW AMSTERDAM CASUALTY COMPANY, Respondent.

Second Department, December 10, 1926.

Liens — mechanic's lien — sufficiency of notice under Lien Law, § 9, subd. 4 — statement in notice that lien was for " labor to be performed " and " material to be furnished "— said statement is not required but does not render notice invalid where notice and pleadings show that amount claimed was for labor and material actually furnished — on motion by surety to dismiss complaint resort can be had to allegations in complaint to show immaterial error in notice — stipulation not to litigate any issue except sufficiency of notice — order dismissing complaint is reversed and judgment directed for plaintiff.

In an action to foreclose a mechanic's lien, the parties stipulated that the sole question was the validity of a notice of lien, which the surety contends was insufficient in that it contained the statement that it was for certain " labor to be performed " and " material to be furnished," which statement was not

required to be made under subdivision 4 of section 9 of the Lien Law. A motion to dismiss the complaint was made by the surety upon the complaint, the notice of mechanic's lien and the stipulation mentioned.

The court had the right, upon the motion, which was made not only upon the complaint but also upon the notice of lien and stipulated facts, to resort to the complaint to determine whether or not the inclusion of the words " to be performed " was unintentional, and whether or not such words misled or failed to advise the surety of the character and extent of the demand made by the plaintiff in his notice of lien.

Since it appears from the notice of lien and the papers on the motion that the claim or demand is for labor and material actually furnished in the construction of the building, the inadvertent inclusion of the words quoted did not make the notice fatally defective, especially in view of the fact that the Lien Law must be liberally construed in favor of the lienor.

Since the parties stipulated not to litigate any question except the validity of the notice of lien, the order dismissing the complaint as to the surety is reversed and judgment directed in favor of the plaintiff.

APPEAL by the plaintiff, Felix Pascual, from an order of the Supreme Court made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1926, granting respondent's motion for judgment on the pleadings.

*John Alfred Valentine* [*Emory F. Dyckman* with him on the brief], for the appellant.

*Raymond Gitlin* [*William Walzer* with him on the brief], for the respondent.

KAPPER, J. Plaintiff appeals from an order granting judgment in favor of the respondent, the New Amsterdam Casualty Company, dismissing the complaint as to that defendant. The motion was made upon the complaint, a notice of mechanic's lien, and a stipulation between the plaintiff and the said New Amsterdam Casualty Company and the defendant Greenleaf Park Land Company, Inc., the purport of which is that the sole question for determination is the validity of said mechanic's lien, and that judgment should follow according to the court's finding regarding the lien. The learned Special Term held the notice of lien defective, and by the order appealed from has relieved the casualty company from its obligations as surety upon the bond given to discharge the lien, and has also dismissed the complaint as against that company.

The complaint alleges an agreement between the plaintiff and the defendant Greenleaf Park Land Company, Inc., whereby in consideration of $6,000, the plaintiff was to do all the brick work in three one-family houses to be erected on the northeast corner of Avenue L and East Fifteenth street, Brooklyn; and that pay-

ments were to be made by percentages as the work progressed. Further allegations are the filing of the lien, and its discharge by the giving of a bond in the sum of $6,000 in which the said New Amsterdam Casualty Company is the surety named. The judgment usual in such cases is demanded, to the effect that the lien be declared valid against the real property described in the complaint, and that the defendants Greenleaf Park Land Co., Inc., and the New Amsterdam Casualty Company pay to plaintiff the balance due him upon said work in the amount for which he filed his lien and claimed non-payment.

By the Laws of 1916, chapter 507, subdivision 4 of section 9 of the Lien Law was amended so as to require a notice of lien to state " the labor performed or materials furnished and the agreed price or value thereof." Prior to this amendment the section read as follows: " 4. The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof." It will be observed, therefore, that it is no longer necessary that a notice of lien shall state the labor " to be performed " or the materials " to be furnished."

The notice of lien now under consideration, in so far as is here material, reads as follows:

" (4) The labor performed was brick work on houses.

" The labor to be performed is brick work on houses.

" The material furnished was bricks, cement and other materials in brick work on houses.

" The material to be furnished is bricks, cement and other materials for brick work on houses.

" The agreed price and value of said labor and material is six thousand and ten dollars.

" The agreed price and value of said material is...............

" (5) The amount unpaid to the lienor for such labor and material is four thousand eight hundred and ten dollars.

" (6) The time when the first items of work were performed was April 30, 1923, and the time when the first items of material were furnished was April 30, 1923.

" The time when the last items of work were performed was the 12th day of June, 1923, and the time when the last items of material were furnished was the 12th day of June, 1923."

The Lien Law not requiring a statement in the notice of " labor to be performed " and " material to be furnished," it is obvious that were those two clauses not contained in the notice no doubt could arise of its sufficiency and validity, for then we would have a statement in compliance with statutory requirements of the " labor performed " and the " material furnished " plus the " agreed

price and value of said labor and material " stated at $6,010, coupled with a statement of the " amount unpaid to the lienor for such labor and material " as $4,810, being the amount for which the lien is filed and for which judgment is sought.

" When we remember that the Mechanics' Lien Law contemplates that the claimant may prepare his own papers (*Hurley* v. *Tucker,* 128 App. Div. 580), and that section 23 of the law requires that the terms and provisions shall be construed liberally, and that a substantial compliance shall be sufficient for the validity of the lien, it seems to us that the notice of lien in this instance came within the law." (*Fyfe* v. *Sound Development Co.,* 235 N. Y. 266, 270.)

Undoubtedly, it is still the law, notwithstanding the amendment of the statute in 1916, that a notice of lien must, for its validity, state the agreed price or value of the labor performed or the materials furnished. (*Higgins* v. *Piel Co.,* 208 App. Div. 729, 734; *Storch & Co.* v. *Marginal Realty Corp.,* 109 Misc. 669, 674; *Gately* v. *Gately,* 103 id. 16, 19.) But can it be said that this notice of lien does not, when liberally construed, state the agreed price and value of the labor and material furnished and performed? In circumstances such as are here shown, where the motion is made upon the complaint as well as upon the notice of lien and upon stipulated facts, resort to the complaint is permitted to determine whether or not there be unintentional and immaterial error in the notice of lien which in no wise misled or failed to advise those interested of the character and extent of the demand. (*Schwartz* v. *Lewis,* 138 App. Div. 566.) An examination of the complaint shows that no part of the sum sued for is for labor " to be " performed or for material " to be " furnished, but that all of the claim is based upon services and materials actually rendered and supplied.

In *Martin* v. *Gavigan Co.* (107 App. Div. 279), where the lien stated a total contract price of $30,200 which was followed by a statement of " labor performed or to be performed " and " materials furnished or to be furnished," closing the latter statement with the words, " total value of such work and material to date is $13,511.95," and this was followed in turn by a statement that " The amount unpaid to the lienor for such labor and materials is $5,357.86," this court (MILLER, J., writing) held the lien sufficient and valid, upon the following reasoning: " If this case can be distinguished from the cases cited, the distinguishing feature will be found in the last sentence of each of the paragraphs numbered 3 and 4. It is true that in stating the nature of the work and materials furnished the statement is in the alternative, ' performed or to be performed,' ' furnished or to be furnished,' but I think a liberal construction of

the last sentence of paragraph 4 requires the interpolation of the words ' performed and furnished ' before ' to date.' Thus read, the words ' such work and material ' must refer, not to the work ' performed or to be performed,' and ' the materials furnished or to be furnished,' but to the work already performed and materials furnished of the nature of the work and materials thus generally described as ' carpenter work, * * * lumber, exterior wood work, timber, nails, window frames and other material specified in carpenter's specifications.' It is clearly to be inferred from paragraphs 3 and 4 that the plaintiff had a contract to perform all the carpenter work on the building referred to, and to furnish the ' lumber, exterior wood work, timber, nails, window frames and other material specified in carpenter's specifications; ' that such contract amounted to $30,200, and while, of course, it does not appear what portion of the carpenter work had been done or what portion of the material contracted for had been furnished, I think it does clearly appear that the lien claimed related to so much of the carpenter work on the building as had been performed at the time of the filing of the lien, and to so much of the lumber, etc., as had then been furnished, and that the total value thereof was $13,511.95, and it seems to me that this is sufficiently definite to advise any one of the nature and extent of the demand for which the lien is claimed."

As before pointed out, the only fault with the notice of lien is in the unnecessary statement of the " labor to be performed " and the " materials to be furnished." Apart from this the notice of lien seems to be complete. And, as was said in *Reeves* v. *Seitz* (47 App. Div. 267, 269): " If, therefore, the notice served contained all that was requisite under the statute to constitute a valid notice of lien, it was sufficient; and whatever the notice filed contained in addition to the statutory requirements should be regarded as surplusage."

As the stipulation in the record states that the New Amsterdam Casualty Company, the surety and respondent here, " agrees that it will not litigate nor dispute any of the allegations contained in the supplemental complaint except those which refer to the validity of the notice of lien," and as the codefendant Greenleaf Park Land Company, Inc., the party with whom the plaintiff made his contract, also entered into said stipulation, agreeing to a personal judgment against it in the full amount claimed, with interest and costs, this order appealed from, which granted the motion of the said surety for judgment dismissing the complaint as to it, should be reversed upon the law and the facts, with ten dollars costs and disbursements, and judgment should be directed

in favor of the plaintiff against defendants Greenleaf Park Land Company, Inc., and New Amsterdam Casualty Company for the amount stipulated, with interest and costs.

KELLY, P. J., JAYCOX, YOUNG and LAZANSKY, JJ., concur.

Order granting motion for judgment dismissing complaint as to defendant New Amsterdam Casualty Company reversed upon the law and the facts, with ten dollars costs and disbursements, and judgment directed in favor of plaintiff against defendants Greenleaf Park Land Company, Inc., and New Amsterdam Casualty Company, for the amount stipulated, with interest and costs. Settle order on notice.